LLINÁS, APPELLANT, *v*. REGISTRAR OF PONCE, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Cancel a Lien.

No. 601.—Decided January 21, 1925.

RECORD OF TITLE—CANCELLATION OF LIEN—DEFERRED PAYMENTS.—It appearing from the record that the purchase price of the property would be paid in instalments and that the vendor reserved the ownership title until the extinction of the debt as security for the payment of the purchase price, it follows that the reservation could operate only as security or a lien, to answer for the deferred payments. Sections 1 and 2 of Act No. 12 of 1923, as amended in 1924, do not specifically mention such liens, but by their nature and purpose they are equivalent to the mortgage liens to which said section 2 refers.

ID.—ID.—ID.—MENTIONS.—It was the intention of the Legislature to extinguish by operation of Act No. 12 of 1923, as amended in 1924, all mentions and liens specified in sections 1 and 2 in order that by the lapse of the different periods of time stated such defects as exist in titles by reason of such liens may disappear, based undoubtedly on the theory of prescription whose purpose is to give stability to titles and prevent or put an end to litigation.

The facts are stated in the opinion.

*Mr. V. Zayas Pizarro* for the appellant.

The respondent appeared by brief.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an appeal from a decision of the Registrar of Property of Ponce refusing to cancel a certain right appearing to be reserved in a property of 30 acres in favor of Juan Pablo Acevedo, who was one of its former owners.

The registrar's decision reads as follows:

"1st. The document is in contradiction with what appears from the registry. María Llinás Oliver is not the absolute owner of all of the property of 75 acres. Together with this document she has presented the deed of sale executed in her favor by her brother, Gabriel Llinás; but he can not convey more than what he has in the registry. He has recorded the full ownership of 45 acres and only the beneficial ownership of 30 acres, record of the legal ownership of the 30 acres having been denied because it was reserved in favor of Juan Pablo Acevedo, * * *.

"2.—The document ignores the nature of the right of Juan Pablo Acevedo and is contrary to law. It is not a case of the mere mention of price nor of the cancelation of an extinct lien, but of legal ownership whose 'extinction' in one person can occur only when his right passes legally to another person, for which reasons the cancelation has been denied, * * *."

The application made to the registrar is based on Act No. 12 of August 29, 1923, as amended by Act No. 12 of June 25, 1924.

Subdivision (a) of section 1 of the said Act as so amended reads as follows:

"(a) Mentions of mortgages or of deferred payments of the price of purchase and sale of real property, whether recorded in the old or new books of the registry, where more than twenty years have elapsed since the respective mention was made and when the interested party has not requested the entry of the mentioned right within the term of one year from August 29, 1923, or has not brought suit to claim his right and entered such suit in the registry. Mentions of annuities (censos) shall not be cancelled in the old or new books of the registry when the interested party requests a transfer of the entry or mention of the right mentioned to the modern books of the registry within a term of two years counting from the day

on which this Act takes effect, or within said term brings suit claiming his right and enters said suit in the registry; *Provided, further,* That on written request of a party or his representative, authenticated before a notary, said registrars of property shall also cancel in the respective registers such other mentions of rights for the payment of money as do not refer. to the deferred payment of the purchase and sale of real property, provided no term is fixed or no indication is made in the title causing the mention that a lien is constituted on said real property, if over five years have elapsed.'' Special Session, 1924, p. 108.

Section 2 of the amended Act, in so far as pertinent, reads as follows:

''Section 2.—Any natural or artificial person who is the owner of real estate encumbered by mortgage liens overdue for twenty (20) years or constituted for that time if they have no term, may file with the court of the district where such property, or the greater part thereof, is located, a petition requesting the cancellation of said mortgage, and the judge of said court shall order the. citation of the creditor to appear in said court within ten (10) days, if it is served in the district, and within twenty (20) days, if outside the district but in the Island, and within forty (40) days, if outside of the Island, to show cause why said mortgage should not be cancelled. * * *

''On the lapse of one year from the date on which this Act takes effect and on petition of the aforesaid interested parties, registrars shall cancel the mortgage referred to in this section, without need of any notice whatever, if the filing of suit to recover the same or the subsistence. of such liens is not shown in the registry.'' Special Session, 1923, p. 36.

The appellant appears to be the record owner of a property of greater area formed by the consolidation of various parcels, among which is the tract of 30 acres recorded in volume 16 of Adjuntas, page 210, property No. 812, which was owned by Juan Pablo Acevedo and sold by him to Gabriel Soto Medina for the sum of $575 payable at the rate of $100 annually, the last instalment being for $75 due in December of 1879 and the vendor having reserved the title, ownership and dominion of the property until the total

payment of the debt. In the record it is stated also that vendee Gabriel Soto Medina recorded the beneficial ownership of the property by title of purchase, the legal ownership being reserved in favor of vendor Acevedo.

The appellant alleges that the registrar erred in holding that she is not the absolute owner of the said property because he overestimated the value and effect of the right reserved by the vendor, for it was only a simple lien to answer for the deferred purchase price.

As it appears from the record that the purchase price would be paid in instalments and that the vendor reserved the ownership or dominion in himself until the extinction of the debt, or, as stated at the end of the record, as security for the payment of said purchase price, it follows that the reservation could operate only as a security or lien to answer for the deferred purchase price. The statutes transcribed do not in fact specifically mention such liens by their names, but by their nature and purpose we think that they can not be distinguished from the mortgage liens named in section 2, *supra;* therefore, the legal situations being equal, it is necessary to apply the same rule of law, for in any event this lien could not come under any of the denominations of the contracts defined in our civil law for the reason that although in an emphyteutic annuity the beneficial and legal ownerships are separated, the right of the annuitant is to receive an income and, therefore, the lien can not be considered as an emphyteutic annuity.

On the other hand, we have no doubt that it was the intention of the Legislature to extinguish by operation of law all of the mentions and liens specified in the sections of the Act quoted in order that by the lapse of the different periods of time stated such defects as may exist in the titles by reason of the said liens may disappear, based, no doubt, on the theory of prescription whose purpose is to give stability to titles and prevent and put an end to litigation.

For all of the foregoing the decision is reversed and the cancellation ordered.

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.